[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PLAINTIFF'S POST-JUDGMENT MOTION FOR ATTORNEY'S FEES
Judgment entered for the plaintiff on February 27, 2002 after a trial to the court in the amount of $21,947.08. In its decision the court awarded counsel fees, (permitted in the agreement between the parties) of $8,467, but gave the defendant the right to contest that award by motion "filed no later than ten days from date." Such a motion was filed on March 26, 2002 but the court scheduled a hearing thereon nevertheless.
Between the date of judgment and that hearing, April 22, 2002, the defendant has filed motions for consideration (2), articulation (2), and for a new trial. These motions have been denied.
At the hearing on April 22, the plaintiff submitted an affidavit of fees with a total of $11,947, reflecting the post judgment activity.
 DISCUSSION
While the hourly rates charged by the plaintiff are reasonable and in the range of fees generally charged and allowed by courts of this state, the print-out provided to support the detailed charges is deficient in many ways. The explanations are not always clear, some items are sketchy, and some entries are confusing — contributing support to CT Page 5353 the defendant's claims of duplication.
Defendant's counsel has conceded certain charges are reasonable but questions the bulk of charges. His most repeated objection was that he could not see why his client should pay for this item or that. The court in its examination of the plaintiff's affidavit and the defendant's objections has attempted to arrive at what the agreement of the parties calls for — a reasonable attorney's fee.
Some comment is appropriate to explain the court's conclusion. This was a simple case with simple issues. It is the court's perception that the animosity which soon developed between counsel contributed to the production of unnecessary motions and pleadings.
While defense counsel questions his client's liability for the claimed charges, his post-judgment activity requires an assessment in favor of the plaintiff for these items and the time they entailed.
 CONCLUSION
1. The sum of $224.43, representing "costs" but including sheriff's fees, etc. are disallowed. These should be addressed as taxable costs.
2. The sum of $1,976 is disallowed. Items included in this total are found to be too high, duplicative, or unclear.
3. The plaintiff is awarded then a net fee of $9,747.57. While this sum almost equals the damage award, it must be noted that the claim was defended vigorously and three post-judgment hearings are included in the award.
Anthony V. DeMayo, J.T.R.